IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

April 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9805-CR-00144 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Chris Craft, Judge |
| | ) | |
| JAMES YOUNG, | ) | (Second Degree Murder) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

A.C. Wharton
District Public Defender
    and
William C. Moore
Assistant Public Defender
201 Poplar Ave., Ste 201
Memphis, TN 38103-1947
(AT TRIAL)

A.C. Wharton
District Public Defender
    and
Tony N. Brayton
Assistant Public Defender
Memphis, TN 38103-1947
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
    and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
    and
Daniel S. Byer
Assistant District Attorney General
201 Poplar Avenue, Ste 301
Memphis, TN 38103-1947

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, James Young, was convicted by a jury in the Shelby County Criminal Court of second degree murder, a Class A felony, for which he received a twenty-four-year sentence as a Range I, standard offender. He appeals as of right and contends that the evidence is insufficient to support his conviction. We affirm the trial court.

The defendant was tried for the murder of Edwin McFarland. The evidence showed that on November 4, 1995, the defendant was driving and John Cunningham was riding with him when Cunningham asked the defendant to stop the car. Cunningham had seen the victim's car parked across the street from where they were. Cunningham wanted to talk to the victim because he had heard that the victim was trying to sell a VCR and some jewelry which Cunningham thought might have been taken in a burglary of his home. The defendant stopped in front of the house in which his eleven-year-old son, James Thomas, lived with the son's grandmother.

According to the defendant, at Cunningham's request, the defendant sent his son across the street to contact the victim, and the victim came outside. Cunningham and the victim argued for a few minutes and then began to fight. The victim hit Cunningham several times, and Cunningham pulled out a gun. The facts surrounding the rest of the fight were in dispute at trial.

Lora Jean Watkins, the victim's fiancée, testified that she was on the porch of the victim's mother's house when she saw the victim and Cunningham fighting. She said that the defendant jumped out of a car and joined the fight. She said that the defendant told Cunningham not to fight with the victim but to shoot him. She testified that she saw the defendant take the gun from Cunningham and hit the victim in the

2

head with it.  She stated that Cunningham told the defendant not to shoot, but the defendant then shot the victim twice from three to four feet away.

The victim's brother, Efrem McFarland, testified that he went outside his mother's house when he heard that the victim was in a fight.  He said he saw the defendant take the gun from Cunningham and point it at the victim.  He testified that the victim reached for the defendant, and the defendant hit him on the head with the gun.  He stated that the victim backed up, and the defendant shot toward the victim's legs.  He said that three more shots were fired and that the victim came toward him, fell, and died in his arms.  He stated that the victim and the defendant were about ten feet apart when the shots were fired.  On cross-examination, McFarland admitted telling the police that the defendant and the victim were fighting when the gun went off and that the defendant shot the victim at least two or three more times.

Dr. Wendy Gunther testified that she performed an autopsy on the victim's body.  She said that the victim suffered a gunshot wound to the inside of the upper left thigh and a wound to the neck.  She stated that the bullet passed through muscle, made a hole in the jugular vein, and injured a branch of the carotid artery, causing the victim to bleed to death.  Due to the lack of gunshot residue on the victim's neck or clothing, Dr. Gunther believed that the gun was more than two and one-half to three feet away from the victim when it was fired.  She also noted that the victim had a large abrasion on the right side of his forehead caused by blunt trauma.

The defendant testified that during the fight, Cunningham pulled out the gun to make the victim retreat, but the victim kept coming toward Cunningham.  He said that when the victim reached for the gun, he ran over to help Cunningham.  He said that he got the gun from Cunningham and told the victim to leave him and Cunningham alone, but the victim reached for the gun.  The defendant testified that they fought over

3

the gun and that they both were holding the gun when it discharged twice. He said the gun was pointed down. He stated that they continued to struggle over the gun, and it fired a third time. He said that the third bullet struck the victim in the neck. The defendant denied intending to shoot or kill the victim and stated that the gun had discharged accidentally.

The defendant testified that after the shooting, he and Cunningham left, and the defendant hid the gun. He said that he stayed with a cousin for several months to avoid the police.

The record reflects that at the time of the defendant's trial, John Cunningham had entered a guilty plea to facilitation of the second degree murder of the victim and had received an eight-year sentence to be served on probation. Cunningham's testimony was similar to the defendant's testimony. He said that when the defendant and the victim were wrestling over the gun, he retreated to the sidewalk. He said that when he reached the sidewalk, he heard the first shot but did not see anyone get hit. He said that when he turned around, he saw the gun pointed at the victim's neck with both men still holding the weapon. Cunningham testified that the gun discharged and that the victim took a couple of steps backward and fell. He said he heard two or three shots fired before the victim fell.

The defendant's son, James Thomas, testified that the defendant and the victim were wrestling over the gun when the shots were fired. James Thomas' cousin, Cleveland Thomas, testified that he had been playing with Thomas before the events occurred. He said that he saw the gun discharge when the defendant and the victim were scuffling, although he acknowledged that his statement to the police on the day of the shooting reflected that he said that the defendant first shot the victim in the leg and

4

then in the head. The defendant was convicted of second degree murder upon the foregoing evidence.

The defendant contends that the evidence is insufficient to support a conviction for second degree murder in that it does not exclude beyond a reasonable doubt that the killing was done with passion produced by adequate provocation so as to make the offense voluntary manslaughter. When the sufficiency of the evidence is questioned on appeal, our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we may not reweigh the evidence, but must presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A defendant challenging the sufficiency of the proof has the burden of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

Specifically, the defendant contends that he was engaged in mutual combat into which the victim voluntarily entered. He notes that our supreme court has stated that "a killing ensuing from a sudden transportation of passion or heat of blood, as in a fight or sudden combat, is manslaughter." Hunt v. State, 303 S.W.2d 740, 742 (Tenn. 1957).

We believe that the evidence, taken in the best light for the state, supports a second degree murder conviction. Evidence supports the jury concluding that the defendant urged Cunningham to shoot the victim, and when Cunningham did not, the defendant took the gun and shot the victim himself. Before he did so, the defendant

5

was not involved in the altercation. And when he did so, he and the unarmed victim were standing up to ten feet apart.

In State v. Johnson, 909 S.W.2d 461, 464 (Tenn. Crim. App. 1995), this court stated the following:

> Whether the acts constitute a "knowing killing" (second degree murder) or a killing due to "adequate provocation" (voluntary manslaughter) is a question for the jury. Had the jury here found that the killing had resulted from a quarrel in a mutual fight, and upon equal terms, voluntary manslaughter would have been the likely result. Obviously, the jury did not so find. The issue for our consideration is merely whether the evidence established all of the elements of second degree murder. Because there are facts in the record that the defendant intentionally shot and killed an unarmed man, that is adequate. That the jury chose to reject both the notion of provocation and the claim of self-defense was well within their prerogative.

Similarly in the present case, the jury obviously chose to reject both the defendant's claim of an accidental shooting and the notion of adequate provocation. The evidence supports the finding beyond a reasonable doubt that the defendant committed second degree murder, i.e., he unlawfully and knowingly killed the victim. See Tenn. Code Ann. § 39-13-210.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
L. Terry Lafferty, Special Judge